8774

STATE v. HOUGH.

(81 S. E. 187.)

CRIMINAL LAW. TRIAL. INSTRUCTIONS. BELIEF.

1. After jury had been out about eleven hours, the Court had them brought in, and inquired if they had agreed upon a verdict. The foreman announced, they had not, and were rapidly coming to a conclusion when sent for. The Court then advised them of the desirability of reaching a verdict, if they could reasonably and conscientiously do so, and gave an additional charge as to the law with reference to reasonable doubt, and added: "In contemplating the question whether or not you are satisfied beyond a reasonable doubt, and I have charged you that you must be satisfied beyond a reasonable doubt before you can write a verdict of guilty, the question arises: What do you believe, when you contemplate a reasonable doubt? What do you believe has been proven beyond a reasonable doubt? And, as to that point, and that question, if you will stand on Mt. Olympus, as it were, and stand in the presence of your own personality, you will come to the conclusion that belief is something over which you have no control." *Held,* that the charge was not erroneous. "Belief" is a conviction or assurance of the truth of anything on grounds other than personal observation or experience, which it is the purpose of evidence to induce.

MR. JUSTICE FRASER *dissents.*

2. Where jury has been out for the space of eleven hours, it is not improper for the Court to call them in, and give additional instructions on law as to reasonable doubt, the additional charge being appropriate to the ground of the jury's difference.

Before SEASE, J., Camden, March, 1913. Affirmed.

Conviction on indictment for murder. The opinion states the case.

*Messrs. E. D. Blakeney* and *Kirkland & Kirkland,* for appellant, cite: *Statute only provides for recharge on law applicable to case, on jury's return into Court, without having agreed:* 1 Code of Laws, S. C., 1912, 4050; 1 Heisk. (Tenn.) 202. *Reasonable doubt:* 37 S. E. 690; 72 Miss. 95; 16 So. 202.

*Mr. Solicitor Cobb* and *Mr. M. L. Smith,* contra, cite: *Propriety of additional charge:* 87 S. C. 331; 74 S. C. 142; 86 S. C. 48. *Reasonable doubt:* 75 S. C. 481.

March 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In a very clear and impartial charge, the trial Judge instructed the jury that, under their oaths, they were compelled to find a verdict of not guilty, unless the State had proven the guilt of the defendant beyond a reasonable doubt, and that they must give him the benefit of every reasonable doubt that might arise in the case. The same instruction, in substance, was repeated several times. The reasonable doubt was defined or explained in a manner which has been approved by this Court, and to which no exception was taken.

After the jury had been out about eleven hours, the Judge had them brought in, and asked if they had agreed on a verdict. On being told they had not, he asked if they wanted any further instruction as to the law. The foreman stated that the charge was very clear and he thought they understood it; that their differences were as to matters of evidence. Thereupon, after stating that he could give them no aid upon that matter, the Court advised them of the desirability and importance of reconciling their differences and reaching a verdict, if they could reasonably and conscientiously do so; that they should put aside preconceived opinions, pride of opinion, bias and prejudice, and reason together, and settle their differences, if they could honestly do so. After telling them that they should look within and see if there was anything standing in the way of an honest, conscientious performance of their duty, he concluded his remarks in the following language: "In contemplating the question whether or not you are satisfied beyond a reasonable doubt,

and I have charged you that you must be satisfied beyond
a reasonable doubt before you can write a verdict of
guilty, the question arises: What do you believe, when you
contemplate a reasonable doubt? What do you believe
has been proven beyond a reasonable doubt? And, as to
that point, and on that question, if you will stand on Mt.
Olympus, as it were, and stand in the presence of your own
personality, you will come to the conclusion that belief is
something over which you have no control. You may
desire to believe this or that, but there is something deep
down in your bosom that tells you what you believe."

Appellant imputes error to the Court in the language
quoted, alleging that it confused "belief" with "satisfac-
tion beyond a reasonable doubt," and reduced a reasonable
doubt to a mere matter of belief, upon which the jury may
have acted in reaching a verdict.

The object of evidence is to produce belief, which is
defined in the Standard Dictionary: 1. "A conviction or
assurance of the truth or actuality of anything on other
grounds than personal observation or experience, *i. e.,* on
other than demonstrative evidence." 2. "Mental assent
to or acceptance of anything as fact or truth on the ground
of testimony or authority." Besides the instruction in the
previous charge and immediate connection with these
remarks, that they must be satisfied beyond a reasonable
doubt, the question, "what do you believe has been proven
beyond a reasonable doubt?" shows clearly that the jury
could not have been confused as suggested. Nor does the
fact that they agreed upon a verdict in half an hour after
they were sent back to their room warrant such a con-
clusion. When they were brought into Court, the fore-
man stated to the Court that they were rapidly coming
to a conclusion, when they were sent for, and they were
sorry that they had kept the Court waiting.

The other exceptions assign error in giving any addi-
tional instruction at all, and, having done so, in not restat-

ing all the law applicable to the case. There was no error in giving the additional instructions. *Dover* v. *Lockhart,* 86 S. C. 229, 68 S. E. 525.; *Caldwell* v. *Duncan,* 87 S. C. 331, 69 S. E. 525; *State* v. *Jones,* 86 S. C. 17, 67 S. E. 160. Nor was there error in not restating all the law of the case. It had been clearly stated and the jury said they understood it. The additional charge was appropriate to the ground of the jury's difference.

Affirmed.

MR. JUSTICE FRASER, *dissenting.* I dissent. See *State* v. *Angel,* 93 S. C. 155, 76 S. E. 195: "It is not what the jury thinks or what may be their impression unless they are convinced."

This was the last statement and at the most effective time and substituted belief for conviction.

MR. JUSTICE GAGE did not sit.