STATE OF MAINE *vs.* HARRY DERRY.

## Cumberland. Opinion January 14, 1920.

*Right of court, after jury has retired, to recall jury to correct or change instructions to them. Rule of practice where two distinct offenses have been sufficiently described in the same count. Rule as to raising objection on account of duplicity after verdict. When question of duplicity should be raised by respondent.*

Complaint for violation of Sec. 38 of Chap. 26, R. S. Verdict guilty.

The case comes to this court on exceptions. After the jury had retired with the case the presiding Justice against the respondent's objection recalled them for a correction in the charge.

After a verdict of guilty had been returned the respondent made a motion in arrest of judgment on the ground that the complaint was bad for duplicity. The presiding Justice overruled the motion.

The exceptions are to the recall of the jury for correction of instructions and to the overruling of the motion in arrest of judgment.

*Held:*

That the right of the presiding Justice to correct his instructions either before or by recalling the jury after their retirement, directing attention specifically to any part of the original charge withdrawn or qualified, has been determined by so many judicial authorities as to be beyond dispute.

*Also held:*

That to be tried upon an indictment free from duplicity is a privilege which may be waived.

If the respondent would avail himself of his privilege he should do so when he first feels the hurt of the duplicity. When this is done the prosecutor may, by entering a nol pros as to the objectionable part of the indictment, accord to the respondent his full privilege and proceed with the case. By failing to seasonably object the respondent waives his privilege. He is not permitted to revive it after verdict by a motion in arrest of judgment.

There are authorities several of which are cited in *State* v. *Leavitt*, 87 Maine, 72 holding that joinder in one count of distinct offenses requiring different penalties may be taken advantage of by motion in arrest of judgment. But these authorities are not applicable to the pending case.

Respondent was tried and convicted for violation of R. S., Chap. 26, Sec. 38.   After verdict, and before sentence, respondent filed motion in arrest of judgment, which was overruled; to which ruling, respondent filed exceptions.   Judgment in accordance with opinion.

Case stated in opinion.

*Carroll L. Beedy, and Clement F. Robinson,* for the State.

*William C. Eaton, and George S. Murphy,* for respondent.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J.   At the January 1919 term of the Superior Court for Cumberland County, Harry Derry was convicted of a violation of Sec. 38 of Chap. 26, R. S.

The complaint before the Municipal Court brought to the Superior Court by appeal charged that he "did operate and control a certain automobile on the public highway in a reckless manner, while being then and there under the influence of intoxicating liquor so that the lives of the public were in danger."

The statute under which the complaint was drawn reads:—

"Whoever operates a motor vehicle upon any way recklessly or while under the influence of intoxicating liquor so that the lives or safety of the public are in danger    .    .    .    .    shall be punished" &c. R. S., Chap. 26, Sec. 38.

The presiding Justice instructed the jury in substance that, if they found that the respondent either recklessly or while intoxicated drove a car on a public way so as to endanger the lives of the public, a verdict should be rendered against him.

After the jury had retired they were against the respondent's objection recalled by the presiding Justice who then withdrew from the jury the question of the respondent's intoxication and said "My instructions will accordingly be modified so that it will not be necessary for you to consider and determine the fact as to whether or not the respondent was intoxicated.

You will confine yourselves and within the instructions already given you, to the question whether or not he operated a motor vehicle on that day in a reckless manner so as to endanger the lives or safety of the public and let your verdict depend upon the finding upon that one question."

After the verdict, and before sentence, the respondent filed a motion in arrest of judgment on the ground that the complaint "is bad for duplicity in the following particulars to wit that it attempts to set out two separate and distinct offences."

The respondent seasonably claimed and presents four exceptions: (1) to the part of the original charge above quoted, (2) to the recall of the jury for corrected instructions, (3) to the instructions given after the recall of the jury and (4) to the overruling of the motion in arrest of judgment.

The respondent's counsel does not strenuously argue the first three exceptions. In the second instruction given there was clearly no error. If the respondent operated a motor vehicle in a public way so as to endanger the lives or safety of the public and did so recklessly he is liable to the penalty of the statute without regard to his condition of sobriety or ebriety.

It is unnecessary to pass upon the alleged error in the charge as originally given for the right of the presiding Justice to correct his instructions either before or by recalling the jury after their retirement, directing attention specifically to any part of the original charge withdrawn or qualified, has been determined by so many judicial authorities as to be beyond dispute.

*Short* v. *State*, (Ga.), 80 S. E., 12; *Comm.* v. *Poisson*, 157 Mass., 510; *People* v. *Hoffman*, (Mich.), 105 N. W., 857; *State* v. *Furgerson*, (Mo.), 53 S. W., 427; *People* v. *McKay*, (Cal.), 55 Pac., 594; *Lindsay* v. *State*, (Fla.), 64 So., 501; *State* v. *Hough*, (S. C.), 81 S. E., 187; *Moody* v. *State*, (Okl.), 164 Pac., 676; *Gather* v. *State*, (Tex.), 81 S. W., 717; *State* v. *Miller*, (Wash.), 138 Pac., 896; *Rodermund* v. *State*, (Wis.), 168 N. W., 390; *Hardesty* v. *State*, (Neb.), 146 N. W., 1007.

It is true as said by the Georgia Court in the case of *Rawlins* v. *State*, 52 S. E., 8, that "there may be an error of such a character that nothing done by the judge can correct the harmful effect of it." If however any error was made in the charge in the present case it was not of such character as to be beyond cure.

The first three exceptions must be overruled.

The fourth exception is to the overruling of the respondent's motion in arrest of judgment.

The ground of this motion as therein stated is "that it (the complaint) attempts to set out two separate and distinct offences."

This literally construed points out no error. It is entirely proper to set out two separate and distinct offenses in a complaint, provided they are of the same nature and are set forth in different counts. The prosecutor may be required to make his election, but this is not by reason of any fault or error in the complaint or indictment. Wharton Crim. Proc. Secs. 335-344. Bishop New Crim. Proc. Secs. 424-432.

The whole record sufficiently shows however that what the respondent relies upon is the setting out of two separate and distinct offenses in one *count*. Operating a motor vehicle "recklessly" with the other elements as defined in the statute is one offence; operating such a vehicle "while under the influence of intoxicating liquor" is another and distinct offense, so the respondent claims, and both are set forth in one count.

The position of the State is that (a) duplicity cannot be taken advantage of by motion in arrest of judgment, (b) count not duplicitous and (c) error if any cured by the corrected charge. .

The verdict in the instant case was general and the respondent relies upon *State* v. *Leavitt,* 87 Maine, 72. The judgment in the Leavitt case was not arrested, but was ordered on the verdict on the ground however that the verdict was special and not general.

The opinion says "If . . . the verdict had been general the objection (by motion in arrest) would have been well taken."

This is of course mere dicta. Moreover the authorities cited in the case yield but slender support to it.

It cites *State* v. *Smith,* 61 Maine, 386, which merely reiterates the elementary proposition that a duplicitous count is bad on demurrer; *Comm.* v. *Symonds,* 2 Mass., 163; *Comm.* v. *Holmes,* 119 Mass., 195 and *State* v. *Nelson,* 8 N. H., 163, which held that "when one count in an indictment charges two offenses distinct in kind and requiring distinct punishments the objection of duplicity has been allowed in arrest of judgment," and *People* v. *Wright,* 9 Wendell N. Y., 193.

Of this latter case a later opinion of the same court says: "the point whether duplicity was a good ground for arresting the judgment was not particularly considered." *Polinsky* v. *People,* 73 N. Y., 72. Of the cases cited the only one in point is a case in which the question involved, in the Leavitt case and in the present one was confessedly "not particularly considered."

No other authority sustaining the respondent's position has been called to our attention. In case of *State* v. *Berry*, 112 Maine, 501, a motion in arrest of judgment was sustained, but not by reason of duplicity.

The earlier Maine cases, the courts of other States and the text-books with substantial uniformity hold and declare that a motion in arrest of judgment cannot, except under conditions not present in the pending case, be grounded on duplicity.

"If two distinct offences had been sufficiently described in the same count it would seem that the objection should have been taken by motion to quash or by demurrer." *State* v. *Palmer*, 35 Maine, 13.

"If the objection (duplicity) was ever tenable it comes too late after verdict." *State* v. *Dolan*, 69 Maine, 576.

"The objection that an indictment is bad for duplicity should be made by demurrer, by motion to quash, or by motion that the prosecution be required to elect between the offences and a failure to do so waives the objection and it cannot be raised by motion in the arrest of judgment." 12 Cyc., 762.

"It is too late after verdict to object to duplicity in an indictment or information," 14 R. C. L., 212.

"The better view is that it (duplicity) cannot be made the subject of a motion in arrest of judgment." Wharton's Crim. Proc., 10th Ed. Section 304. See also Bishop on Crim. Procedure Sec. 443.

The rule as stated in the earlier Maine cases and by text-books is supported by many authorities a few of which are as follows:—

*Kilbourn* v. *State*, 9 Conn., 560; *State* v. *Manley*, (Vt.), 74 At., 231; . *State* v. *Hicks*, (Mo.), 155 S. W., 482; *State* v. *Calhoun*, (W. Va.), 69, S. E., 1098; *Cornell* v. *State*, (Wis.), 80 N. W., 745; *State* v. *Wilson*, (N. C.), 28 S. E., 416; *Comm.* v. *Tuck*, (Mass.). 20 Pick., 361; *Pooler* v. *U. S.*, 127 Fed., 515; *Irvin* v. *State*, (Fla.), 41 So., 785; *State* v. *Armstrong*, (Mo.), 16 S. W., 609; *White* v. *People*, (Colo.), 45 Pac., 540; *Wilkinson* v. *State*, (Miss.), 27 So., 639.

The authorities with substantial unanimity are opposed to the sustaining of the fourth exception. Reason, independently of direct authority points to the same conclusion. Joinder of offenses in one count of an indictment or complaint violates no fundamental right.

Trial for crime without jurisdiction to try or without a sufficient charge of crime is a denial of due process of law. Bishop's New Crim. Proc. Sec. 77. To be tried upon an indictment free from duplicity is a privilege which may be waived. Bishop Sec. 442.

If a respondent would avail himself of his privilege he should do so when he first feels the hurt of the duplicity. When this is done the prosecutor may, by entering a Nol pros as to the objectionable part of the indictment, accord to the respondent his full privilege and proceed with the case. By failing to seasonably object the respondent waives his privilege. He is not permitted to revive it after verdict by a motion in arrest of judgment. Bishop Sec. 442.

There are authorities several of which are cited in *State* v. *Leavitt*, 87 Maine, 72 holding that joinder in one count of distinct offenses requiring different penalties may be taken advantage of by motion in arrest of judgment. But these authorities are not applicable to the pending case.

This conclusion (that the respondent failed to seasonably set up duplicity), is decisive of the case. We do not need to consider the other points made by the State.

> *Exceptions overruled.*
> *Judgment for the State.*   ·