Brieger, Heidi E., J.
INTRODUCTION
This personal injuiy action arose out of injuries sustained on August 12, 2010, by plaintiff Kathleen Stiles (“Stiles”) when she slipped and fell while shopping at the Market Basket grocery store owned and operated by defendant Demoulas Super Markets, Inc. (“Demoulas”). The case was tried to a jury beginning on August 18, 2015 (Brieger, J., presiding). The jury concluded that Demoulas’ negligence was a substantial contributing factor to Stiles’ injuries, rejected the loss of consortium claim brought by Stiles’ husband, and awarded Stiles $500,000 in damages. The matter is now before the court on Demoulas’ motion pursuant to Mass.R.Civ.P. 59(a), for a new trial on liability and damages, or in the alternative, for remittitur. After hearing and careful consideration of the parties’ submissions, and for the reasons set forth below, Demoulas’ Motion for a New Trial is ALLOWED.
DISCUSSION
A court grants a new trial “for any reason which new trials have heretofore been granted in actions at law in the courts of the Commonwealth.” Mass.R.Civ.P. 59(a). Moreover, this court may grant a new trial when “it appears to the judicial conscience and judgment that otherwise a miscarriage of justice will result.” Davis v. Boston Elev. Ry. Co., 235 Mass. 482, 496 (1920). “The standard that a trial judge is to apply on a motion for a new trial in a civil case is whether the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be mislead, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, [or] fail[ure] to come to a reasonable conclusion.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass.App.Ct. 744, 748 (1993), citing Scannell v. Boston Elev. Ry., 208 Mass. 513, 514-15 (1911); see Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 59-61 (1948) (observing that a new trial is warranted where the juiy “fail[s] to exercise an honest and reasonable judgment in accordance with the controlling principles of the law”). A new trial must be granted where, as here, errors committed by counsel were so serious that they “injuriously affected the substantial rights” of a party and deprived it of a fair trial. G.L.c. 231, §§119, 132; Fyffe v. Massachusetts Bay Transportation Authority, 86 Mass.App.Ct. 457, 459 (2014).
In assessing the nature of claimed errors committed by counsel in the instant trial, this court must consider “the framework that is used to evaluate allegations of misconduct by counsel in criminal cases, notwithstanding obvious differences . . . ‘(1) whether the defendant seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave to the juiy which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the juiy’s conclusion.’ ’’ Id. at 472 (2014), quoting Commonwealth v. Lewis, 465 Mass. 119, 130-31 (2013).
Demoulas advances several arguments in support of the instant Motion. First, Demoulas asserts that the arguments offered by Stiles’ counsel during his closing argument were highly prejudicial and inflammatoiy. Specifically, Stiles’ counsel argued that Demoulas was a “large coiporation . . . looking at their bottom line.” Demoulas’ counsel objected. Stiles’ counsel disputes that he used those words and disputes that there was an objection. Both the words and the objection are transcribed at Tr. at 42, ¶¶20-23. Demoulas argues that Stiles’ counsel made improper argument by telling the juiy that this was a case of “us against them,” and that, “it’s up to you to you to straighten out the situation.” (Tr. at 43, ¶11.) Stiles’ counsel admits that he used those terms, but suggests that in doing so, he referred to “the plaintiffs and himself against the defense lawyer, his client, and its managers.”
Regardless of counsel’s subjective intent, there can be no doubt that by these arguments, Stiles’ counsel intended the jury to infer that Stiles was pitted against a large, wealthy corporation, and that the jury must rise to the occasion, right a corporate wrong, and ensure that Demoulas pay Stiles. These arguments amount to nothing more than a “covert appeal to partiality and prejudice” that crossed the line between zealous advocacy and improper argument. See Leone v. Doran, 363 Mass. 1, 17 (1973); see also London v. *307 Bay State St Ry., 231 Mass. 480, 485-86 (1919) (plaintiffs improper summation was “covert appeal to the jury to make this great and powerful corporation .. . feel the juiy’s power in the case at bar”). The court gave no contemporaneous curative instruction, and a review of the court’s charge to the jury, in its totality, compels the conclusion that the charge did not adequately address the improper argument so as to mitigate the errors.
Demoulas next argues that Stiles’ counsel improperly suggested that Demoulas withheld evidence from the jury in order to “deceive and mislead” them. (Tr. at. 42, ¶¶11-17.) Stiles’ counsel’s convoluted response to that claim is not based on the record, and neglects to acknowledge that in his closing he accused Demoulas of having a “goal” to “deceive and mislead.” The court agrees that this argument, unsupported by the evidence, was prejudicial and impermissibly invited the juiy to speculate on whether Demoulas had some collateral deceptive practices. See, e.g., London, 231 Mass. at 486 (observing that even if counsel had not intended for his words to carry such prejudicial meaning, “at any rate the argument might well have been taken by the juiy to mean that”). The prejudicial impact was increased by the fact that, although the court sustained Demoulas’ counsel’s objection, there was no contemporaneous curative instruction.
Demoulas next contends that Stiles’ counsel imper-missibly argued facts not in evidence and misstated evidence resulting in a juiy award based on prejudice and sympathy. “ ‘In closing argument, counsel may argue the evidence and the fair inference which can be drawn from the evidence’ . . . [c]ounsel may also attempt to assist the jury in their task of analyzing, evaluating, and applying evidence. Such assistance includes suggestions by counsel as to what conclusions the juiy should draw from the evidence.” Commonwealth v. Raymond, 424 Mass. 382, 390 (1997) (citation omitted). Counsel is limited, however, to discussion of evidence properly adduced during trial and reasonable inferences that can be drawn therefrom. See Leone, 231 Mass. at 17-19 (scope of argument is limited to the evidence and the fair inferences that may be drawn from the evidence).
Here, a review of the transcript of the closing arguments reveals that Stiles’ counsel repeatedly argued matters not in evidence. For example, Stiles’ counsel argued that, referring to Demoulas, “Judge Green [ ]—in another case, said it was negligent inspection.” (Tr. at 33, ¶¶22-24.) By arguing in such a fashion, counsel impermissibly attempted to suggest that another judge had ruled that Demoulas was negligent. Such an argument, completely unsupported by any evidence at trial, improperly suggested that Demoulas’ conduct in the instant case was part of a pattern. Stiles’ counsel neglects to respond to this in his instant Opposition. The court agrees that it was improper argument, and notes that the record indicates that no curative instruction was given.
Demoulas argues further that—against the weight of the evidence—Stiles’ counsel suggested that, “we’ve come to the conclusion that she had lost—that she was unconscious and she sustained when she hit her head, her neck, and her back.” (Tr. at 35, ¶¶4-6.) Such an argument amounted to an improper invasion of the juiy’s factfinding province as to a central fact issue before the jury.
Finally, Demoulas claims that Stiles’ counsel made damages arguments that were unsupported by the evidence admitted at trial. Specifically, he argued that any damage award from the jury would not go to Stiles:
Now this isn’t money that she’s going to get. It’s the medical care providers. They have liens in this case. This case that you’re going to decide, liens, they’re going to have to be repaid. Medicare or Medicaid, the health care providers, all—Mass Health, all of these people have liens, and it’s for the lawyers. It’s a big problem. But in any event, they have liens on this sum of money that will have to be repaid.
(Tr. at 39, ¶¶16-18.)
Insofar as none of the abovementioned statements find any support from the evidence adduced at trial, the court agrees that counsel erred in putting them before the juiy. Perhaps even more significantly, the further arguments were founded on misstatements of the law. As a preliminaiy matter, Stiles’ counsel erroneously argued that the case was “about damages and only about damages.” (Tr. at 37, ¶¶18, 19.) The issue of Demoulas’ liability in negligence was clearly before the jury, so that this improper limitation on their deliberation was a clear misstatement of law and fact. The charge to the juiy clarified that the jury must decide by a preponderance of the evidence if Demoulas was negligent or not negligent, but Stiles’ counsel’s argument could have confused them. The court’s charge did not adequately correct any misimpression created by the improper argument.
Next, Demoulas argues that Stiles’ counsel improperly urged the juiy to draw inferences unsupported by the record and injected his own personal experience with respect to calculating damages.[2] (Tr. at 40, ¶¶2-4.) The court agrees. Specifically, Counsel improperly argued that the juiy should consider Stiles’ future medical expenses in calculating an appropriate damage award, even though no evidence concerning future medical expenses was presented during trial. See, e.g., Commonwealth v. Redmond, 370 Mass. 591, 594-96 (1976). Stiles’ counsel also argued that in calculating future medical expenses, the juiy should consider the effects of inflation. (Tr. at. 38, ¶¶10-12.) There was no expert testimony adducing evidence of future costs and inflation, so such an argument was not proper. See, e.g., Redmond, 370 Mass. at 594-96.
*308 While Stiles’s counsel argues here that, in the context of civil cases, there are few instances where a new trial will be ordered on account of improper closing statements, see Rolanti v. Boston Edison Corp., 33 Mass.App.Ct. 516, 529 (1992), a careful review of his closing arguments supports the conclusion that here a new trial is warranted. That conclusion is buttressed by the juiy’s damage award. See Bartley v. Phillips, 317, Mass. 35, 41 (1944) (new trial may be proper “when the damages are so great . ■. . that it may be reasonably presumed that the juiy, in assessing them, did not exercise a sound discretion, but were influenced by passion, partiality, prejudice or corruption”).
In sum, a careful review of the transcript of the closing arguments and the court’s final charge to the jury compels this court to find that: (1) the numerous deficiencies in Stiles’ counsel in his closing argument were addressed to the central issues before the jury: (2) Demoulas’ counsel lodged seasonable objections; (3) the court gave no curative or limiting instructions aimed at reducing the taint from the improper argument, and the jury charge did not adequately mitigate the errors; (4) the multiple errors were aimed intentionally to make a material difference in the jury’s deliberations, which quite likely materially affected the verdict and the damages award. Fyffe v. Massachusetts Bay Transportation Authority, 86 Mass.App.Ct. at 472.[3]
ORDER
For the foregoing reasons, it is hereby ORDERED that Demoulas’ Motion for a New Trial as to liability and damages is ALLOWED.

 Indeed, Stiles’ counsel’s closing argument was replete with instances in which he improperly offered his own personal beliefs and credibility judgments. See Commonwealth v. West 44 Mass.App.Ct. 150, 151 (1998) (“[I]t is impermissible for a trial counsel to inject his or her own credibility or personal beliefs into closing arguments”).

 Because this court has determined that a new trial is necessary, it need not address Demoulas’ alternative request for remittitur.