The plaintiffs filed this premises liability action after Kathleen Stiles[3] slipped and fell in a store owned by the defendant. After a jury returned a $500,000 verdict for Stiles, the defendant moved for a new trial, alleging, in part, that counsel for the plaintiffs engaged in prejudicial misconduct during his closing argument. The trial judge granted a new trial, and a second jury returned a verdict for the defendant. On appeal the plaintiffs argue that the judge abused her discretion in granting a new trial and that the second jury verdict was against the weight of the evidence. We affirm.
1. Motion for new trial. We review the allowance of a motion for a new trial for abuse of discretion. See Hammell v. Shooshanian Eng'g Assocs., Inc., 73 Mass. App. Ct. 634, 638 (2009). We give "considerable deference" to the motion judge's decision especially where, as here, she also presided over the trial. Gath v. M/A-COM, Inc., 440 Mass. 482, 492 (2003). Where a motion for a new trial is premised on purported misconduct of opposing counsel, "[w]e consider '(1) whether the [moving party] seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave to the jury which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the jury's conclusion.' " Fyffe v. Massachusetts Bay Transp. Auth., 86 Mass. App. Ct. 457, 472 (2014), quoting Commonwealth v. Lewis, 465 Mass. 119, 130-131 (2013).
Here, the judge was within her discretion in concluding that a new trial was warranted because of "multiple errors" made by the plaintiffs' counsel in summation. First, counsel argued that the jury should find for the plaintiffs because the defendant "is a large corporation ... and they're going to go on. Tomorrow they're going to continue doing their business, their work, and they're looking at their bottom line." Though the judge sustained an objection from the defendant's counsel, the plaintiffs' counsel continued in a similar vein:
"But [Stiles] is going to go home and suffer and suffer and suffer for the rest of her life. She ... not only bought her groceries that day, but she bought pain and suffering for the rest of her life and misery for the rest of her life. And it's up to you to straighten this situation. She's one of your peers. You're her peers and she is your peer, and it is us against them."
As the judge found, these arguments were plainly "intended [for] the jury to infer that Stiles was pitted against a large, wealthy corporation, and that the jury must rise to the occasion, right a corporate wrong, and ensure that [the defendant] pay Stiles." See London v. Bay State St. Ry. Co., 231 Mass. 480, 485-486 (1919) (summation warranted new trial because it "was a covert appeal to the jury to make this great and powerful corporation ... feel the jury's power").
Second, the plaintiffs' counsel suggested that the defendant's counsel concealed evidence with the "goal to confuse, deceive ... and mislead" the jury. The defendant's counsel objected to this remark,[4] which the judge found was "unsupported by the evidence" and "impermissibly invited the jury to speculate on whether [the defendant] had some collateral deceptive practices."
Third, on several occasions, the plaintiffs' counsel argued matters not in evidence. Most egregiously, counsel suggested that a judge in a different case had found the defendant liable for "negligent inspection." The judge found that this comment was "completely unsupported by any evidence at trial" and "improperly suggested that [the defendant's] conduct in the instant case was part of a pattern." Though there was no objection, the plaintiffs concede on appeal that the comment was a "misstep."
Finally, the plaintiffs' counsel made several improper arguments concerning damages. For example, he argued that the jury should consider Stiles's future medical expenses and inflation even though, as the judge found, there was "no evidence concerning future medical expenses" and "no expert testimony adducing evidence of future costs and inflation."[5] See Harlow v. Chin, 405 Mass. 697, 704 (1989) ("An argument concerning money damages indulging in significant references to numerical amounts that have no basis in the record is improper"); Fyffe, 86 Mass. App. Ct. at 472 (counsel's remark about possible future medical costs "was not within the realm of a reasonable inference from the medical evidence, and invited the jury to speculate about ... fair compensation for the injury suffered by the plaintiff"). Counsel also argued, with no supporting evidence, that Stiles would not receive any damages awarded by the jury:
"Now, this isn't money that she's going to get. It's the medical care providers. They have liens on this case, this case that you're going to decide. Liens, they're going to have to be repaid. Medicare or Medicaid, the healthcare providers, Mass Health, all of these people have liens ...."
Counsel returned to this theme shortly thereafter:
"[I]f you award her 750,000, she's not going to wind up with 750,000 because the preparation of this trial, payment of the experts, payments of the lawyers, payment of the court fees --."
At this point the defendant's counsel interrupted with an objection, which the judge sustained.
These improper comments, taken together, support the judge's decision to grant a new trial.[6] As the judge concluded, the comments were "central to the issues before the jury," and the defendant's counsel lodged several objections.[7] The judge further observed that she "gave no curative or limiting instructions aimed at reducing the taint from the improper argument, and the jury charge did not adequately mitigate the errors." See Torre v. Harris-Seybold Co., 9 Mass. App. Ct. 660, 665-666 (1980), quoting London, 231 Mass. at 486 ("judge may have considered that ... his own brief instructions on the role of the closing arguments did not amount to 'rigorous and emphatic action' on his part 'to make certain that the jury would disregard [the] appeal to them to violate their duty' " [footnote omitted] ). In addition, given the size of the damages award, the judge found that the improper argument likely affected the jury's deliberations. See Fyffe, 86 Mass. App. Ct. at 473 (prejudice demonstrated by "amount of the damages awarded by the jury").
We discern no abuse of discretion in these rulings or in the judge's ultimate conclusion that the improper argument warranted a new trial. We note that the record supports the judge's determination that the jury's award of $500,000 was disproportionate to the evidence.[8] Furthermore, "[t]he judge was in the best position to evaluate the effect on the jury of the improper argument." Gath, 440 Mass. at 495. Absent an abuse of discretion, we defer to her view. See id.
2. Second jury verdict. In assessing the plaintiffs' challenge to the second jury verdict,[9] we "construe the evidence in the light most favorable to the [defendant] and disregard that favorable to the [plaintiffs]." O'Brien v. Pearson, 449 Mass. 377, 383 (2007). We must uphold the jury's verdict if "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be made in favor of the [defendant]." Id., quoting Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 121 (1992).
The plaintiffs' theory of liability was that a freezer case leaked water onto the floor, forming a puddle and causing Stiles to slip and fall. Based on the evidence presented, a reasonable jury could have rejected this theory. First, the evidence permitted the jury to find that the puddle was not the cause of Stiles's fall. Stiles testified that she was around two feet away from the freezer case when she passed by it and that, after she fell, she did not see any wheel or slip marks in the puddle and did not have water on her clothes. Second, even assuming the jury found causation, the evidence permitted them to conclude that the defendant did not have sufficient notice of the water on the floor. See Sarkisian v. Concept Restaurants, Inc., 471 Mass. 679, 682 (2015), quoting Sheehan v. Roche Bros. Supermkts., Inc., 448 Mass. 780, 782-783 (2007) (notice element established "if the operator of [the] business 'caused [the] substance, matter, or item to be on the floor; the ... operator had actual knowledge of its presence; or the substance, matter, or item had been on the floor so long that the ... operator should have been aware of the condition' "). The store manager investigated the puddle and concluded that it did not come from the freezer case. The case had not leaked before, and everything in it was frozen on the day of the incident. Furthermore, during his walk through that morning, the manager did not see water leaking from the case. Stiles likewise testified that she did not see anything leaking from the case, and she admitted that she had no knowledge of how long the water was on the floor or whether the store was aware of it. This evidence supported the jury's verdict for the defendant.
Judgment affirmed.

All references to "Stiles" are to Kathleen Stiles.

While the transcript records the objection as "[o]verruled," the judge wrote in her decision granting a new trial that she "sustained" the objection. We need not resolve the discrepancy because what is more important for our purposes is that the defendant's counsel objected. See Fyffe, 86 Mass. App. Ct. at 472.

The plaintiffs assert that the argument was proper under G. L. c. 231, § 13B, which provides that "[i]n civil actions in the superior court, parties, through their counsel, may suggest a specific monetary amount for damages at trial." But nothing in this statute permits counsel to argue matters not in evidence.

We view the other examples cited by the judge as more minor. Nonetheless, the judge was still justified in concluding that the cumulative effect of the improper comments warranted a new trial. See Fyffe, 86 Mass. App. Ct. at 472-473.

Though the plaintiffs note instances where there was no objection and suggest that this is dispositive, they "overlook[ ] an important proposition central to our review of the judge's action, namely that by granting relief the judge exercised [her] discretion in favor of considering the question despite the lack of a request for relief at the trial and determined that an injustice had occurred which could best be remedied by a new trial" (citation omitted). Torre v. Harris-Seybold Co., 9 Mass. App. Ct. 660, 663 (1980).

Stiles's medical costs at the time of trial totaled approximately $55,000.

While the defendant notes that the plaintiffs did not file any posttrial motions, it does not argue waiver. We therefore consider the merits of the plaintiffs' challenge, treating it under the standards applicable to review of a motion for judgment notwithstanding the verdict.