CATHERINE FITZPATRICK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

MARGARET E. FITZPATRICK *vs.* SAME.

Suffolk.    March 7, 1916. — April 5, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway. *Evidence,* Presumptions and burden of proof, Absence of witness. *Witness. Practice, Civil,* Rulings and instructions, Comment on absence of witness.

Where, at the trial of an action of tort against a street railway corporation for personal injuries alleged to have been received when a street car of the defendant suddenly started and caused the plaintiff, who was in the act of alighting, to be thrown to the street, there is direct and inferential evidence from which findings are warranted that the car started in response to a starting signal and that such signal was not given by any one else than the conductor, a further finding is warranted that the signal was given by the conductor although there is no direct evidence to that effect.

In the present case there also was evidence from which the jury would have been

warranted in finding that the car started or jerked after it had come to a full stop for passengers to alight and while the plaintiff was alighting, and that such movement of the car was due to negligence of the motorman in acting without any signal, and it was *held* that a finding of the jury for the plaintiff was justified.

Where, at the trial of an action against a street railway corporation for personal injuries alleged to have been caused by a street car of the defendant starting and jerking after it had stopped to permit the plaintiff to alight, it appears that the action had been tried three times before, that one, who had been the motorman of the car at the time of the accident, who had been discharged by the defendant previous to the first trial and who at the first and second trials had testified for the defendant and at the third for the plaintiff, was not called by either party to testify at the present trial, and there is no evidence that he is in the control either of the plaintiff or of the defendant, the judge should not leave to the jury the question, whether any inference should be drawn against the defendant from the absence of the witness, but should rule, if requested by the defendant, that no inference could be drawn against either the plaintiff or the defendant from the failure to produce the witness.

Two ACTIONS OF TORT for personal injuries alleged to have been received by the plaintiffs by reason of their being thrown from the back platform of a street car of the defendant by the sudden starting and jerking of the car as they were in the act of alighting. Writs dated June 16, 1913.

In the Superior Court the cases were tried together before *Chase*, J. The material evidence and the exceptions of the defendant are described in the opinion. There was a verdict for the plaintiff in the first action in the sum of $1,200, of which the plaintiff remitted all in excess of $500, and for the plaintiff in the second action in the sum of $6,500. The defendant alleged exceptions.

*E. P. Saltonstall*, (*C. W. Blood* with him,) for the defendant.

*G. H. Mellen*, (*W. L. Currier* with him,) for the plaintiffs.

PIERCE, J. At the close of the evidence the defendant asked the court to rule:

"1. Upon all the evidence in the cases the plaintiffs are not entitled to recover.

"2. There is no evidence in these cases that the conductor of the car gave the signal for the car to start at the time the plaintiffs were alighting.

"3. There is no evidence in these cases that any negligence of the defendant, its agents or servants caused the car to start or jerk even if the jury should find it started or jerked.

"4. Upon all the evidence in these cases, no inference can be

drawn against either the plaintiffs or the defendant for the failure to produce the motorman of the car."

In its aspect most favorable to the plaintiffs' contention, the evidence warranted the jury in finding the facts to have been substantially as follows: The plaintiffs, a mother and her eight year old daughter, were passengers upon an inbound box car of the defendant. The car stopped, upon the signal of the mother, at the corner of Cambridge Street and Grove Street. After the car had stopped, the mother and daughter walked out through the aisle of the car side by side. They came to the edge of the platform, and were in the "motion of stepping out" when two bells were rung and "the car gave a sudden jerk." The mother testified, "I made another effort to catch the handle of the car, and the second jerk came so quickly, the two jerks just came one after the other, like that — the second jerk threw the both of us out from the top platform to the rock pavings below."

Direct and inferential testimony warranted, if it did not require, the jury to find that the bell was not rung by any person other than the conductor, and because of the elimination of all other agency, justified the conclusion that the conductor did so. *Killam* v. *Wellesley & Boston Street Railway*, 214 Mass. 283. Moreover, the jury might find that the car started or jerked after it had come to a full stop for passengers to alight and while the plaintiffs were alighting, and that such movement of the car was due to the negligence of the motorman in acting without signal. *McDermott* v. *Boston Elevated Railway*, 208 Mass. 104. Exceptions to the refusal to give the first, second and third rulings are overruled.

The fourth ruling should have been given. The absent witness, the motorman of the car, was not in the employ of the defendant. He had testified at previous trials of these cases, at the first two for the defendant and at the third for the plaintiffs. He had been discharged by the defendant previous to the first trial. There was no evidence that he was in the control of the plaintiffs or the defendant, or even that he was alive. There was, therefore, no room for inference that his testimony, if given, would favor the contention of either party, or that the failure of either party to produce him was due to fear that his testimony might injure their cause.

The presiding judge after fully and clearly instructing the jury

as to the law applicable to such a situation, left to it the question whether any inference against the defendant should be drawn. This was error, and the exception must be sustained. *McKim* v. *Foley,* 170 Mass. 426, 428. *Jones* v. *Boston & Northern Street Railway,* 211 Mass. 552, 555. *Scovill* v. *Baldwin,* 27 Conn. 316, 318.

*So ordered.*