ANTON MIKKELSON *vs.* MICHAEL R. CONNOLLY.

JULI MIKKELSON *vs.* SAME.

Essex.   January 11, 1918. — February 26, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Instruction to disregard certain evidence.  *Evidence,* Admission by failure to produce certain evidence.  *Witness,* Credibility, Failure to call.

Where at a trial of an action of tort evidence is offered by the plaintiff, against the objection of the defendant, of certain matters for which the plaintiff claims damages and the evidence, subject to the defendant's exception, is admitted, but afterwards the presiding judge tells the jury to disregard this evidence and again in his charge instructs them that the plaintiff can recover nothing for such matters, the rights of the defendant are protected fully, and his exception to the admission of the evidence cannot be sustained, because, if the evidence was admitted erroneously, the jury must have understood clearly that it was not to be considered.

In an action of tort, where it was material for the plaintiff to show that he had paid off a mortgage on personal property belonging to him held by the defendant as mortgagee, the failure of the defendant to produce his ledger, when called for by the plaintiff, is competent for the consideration of the jury, and, if the defendant contends that he cannot produce the ledger because it has been lost or destroyed, it is for the jury to say on the evidence whether the ledger could have been produced, and, if they find that it was within the power of the defendant to produce the ledger and he failed to do so, they may infer that, if produced, the ledger would not have supported the defendant's contention in regard to the account between the parties.

Where a witness for a party to an action has testified that he was in the employ of that party when the events to which he has testified occurred, it is right for the presiding judge to instruct the jury that they may consider the fact that the witness was in the employ of the party at the time referred to in determining the degree of credibility to be given to his testimony.

At the trial of an action of tort for the alleged wrongful taking of certain household furniture under the claim of a mortgage which the plaintiff contended had been paid and discharged, the evidence showed that the defendant employed a certain expressman to go to the plaintiff's house and remove the furniture, and the defendant did not call as witnesses the men employed by this expressman who took the furniture away.  There was no evidence to show that the men were in the employ of that expressman at the time of the trial or that the defendant had any knowledge of them or their whereabouts or could have produced them as witnesses.  There was no evidence that these men were within the control of either the plaintiff or the defendant.  The presiding judge by his instructions to the jury allowed them to infer that the testimony of these men,

if they had been produced as witnesses, would have been unfavorable to the contention of the defendant. *Held,* that the instructions of the judge in this respect were erroneous and that an exception to this portion of his charge must be sustained, because under the circumstances shown no inference properly could have been drawn from the failure to call these witnesses that their testimony, if given, would have been favorable to the contention of either party.

TWO ACTIONS OF TORT respectively by a husband and wife for the alleged unlawful taking of household furniture belonging to the plaintiffs at their residence numbered 75 on Shepard Street in Lynn. Writs dated September 20, 1913.

In the Superior Court the cases were tried together before *Raymond,* J. The defendant claimed to be the owner under certain mortgages of the household furniture taken by him. The contentions of the respective parties are stated in the opinion. The jury returned a verdict for the plaintiff in the first case, Anton Mikkelson, in the sum of $195 and returned a verdict for the plaintiff in the second case, Juli Mikkelson, in the sum of $30. The defendant alleged exceptions, which are explained in the opinion.

*R. L. Sisk,* for the defendant.

*G. E. Kemp,* for the plaintiffs.

CROSBY, J. These are actions brought for the conversion of household furniture upon which the defendant held mortgages.

The plaintiffs' contention is that before the acts complained of were committed they agreed to pay the defendant the amount actually due upon the notes secured by the mortgages, but that the defendant refused to accept such amount, demanded a larger sum and afterwards forcibly took and carried away the household goods described in these actions.

The defendant contended that the plaintiffs had failed to pay the full amount of the debt secured by the mortgages and that he took possession of the goods at the request of the plaintiffs because they were unable to pay the amount due.

The cases are before us upon four exceptions taken by the defendant.

The exception to the admission of the evidence of the plaintiff Anton Mikkelson as to the care and attention given by him to his wife after the furniture had been removed need not be considered, as the presiding judge afterwards directed the jury to disregard it,

and again in the charge instructed them that the husband could not recover for such care of his wife. Under these circumstances, the rights of the defendant were fully protected. If the evidence was admitted erroneously, the jury must have clearly understood that it was not to be considered. *Morrison* v. *Richardson,* 194 Mass. 370, 377, 378.

The failure of the defendant to produce his ledger containing his account with the plaintiffs was competent for the consideration of the jury. Whether the ledger could have been produced, or was lost or destroyed, was for the jury to determine. If it was within the power of the defendant to produce it and he failed to do so it could have been inferred that, if produced, it would not have supported the claim of the defendant. The exception to the instruction of the judge upon this evidence cannot be sustained. *Eldridge* v. *Hawley,* 115 Mass. 410.

The instructions to the jury with reference to the testimony of the witness Phillips, who was formerly in the employ of the defendant, did not constitute error. Phillips testified that when the goods were removed from the plaintiffs' premises he was employed by the defendant as a collector, and that no objection to the removal of the goods was made by the plaintiffs. The jury were told, in substance, that they might consider the fact that Phillips was in the employ of the defendant at the time the events to which he testified occurred in determining the degree of credibility to be given to his testimony. This instruction was correct, and the exception to it must be overruled.

The remaining exception relates to that part of the charge in regard to the failure of the defendant to call as witnesses two expressmen who took the goods from the premises of the plaintiffs. The evidence showed that the defendant employed one Wright, an expressman, to go to the plaintiffs' house and remove the goods. There was no evidence to show that the men were in the employ of Wright at the time of the trial, or that the defendant had any knowledge of them or of their whereabouts or could have produced them as witnesses. There was no evidence that they were in the control of either the plaintiffs or the defendant. Under these circumstances, no inference properly could have been drawn that their testimony, if given, would have been favorable to the contention of either party. It follows that no inference properly

could be drawn against the defendant for his failure to produce them, and the instruction of the judge which allowed the jury to infer that their testimony, if offered, would have been unfavorable to the contention of the defendant, was error. The exception to the charge in this respect must be sustained. *Fitzpatrick* v. *Boston Elevated Railway*, 223 Mass. 475, and cases cited. *Little* v. *Massachusetts Northeastern Street Railway, ante,* 244.

Even if the nature of the transactions between the plaintiffs and the defendant as disclosed by the evidence might have tended to prejudice the defendant in the minds of the jury, still he was entitled to a fair trial conducted in accordance with the rules of evidence.

*Exceptions sustained.*