ARNETTA E. BETTS *vs.* GEORGE T. RENDLE.

Suffolk.   October 22, 1920. — November 22, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Evidence,* Expert: opinion, Presumptions and burden of proof. *Practice, Civil,* Argument of counsel, Exceptions, Requests, rulings and instructions. *Negligence, Res ipsa loquitur.* *Damages,* In recoupment.

In an action for services rendered and disbursements made in raising a sunken lighter of the defendant, the defendant claimed in recoupment damages due to the tearing of planks from the bottom of the lighter by reason of alleged negligence of the plaintiff. At the trial, the defendant was asked by his counsel, "What did the tearing off of those planks as they were torn off, in view of the condition of your boat, indicate about the skill or lack of skill of the operation?" The question was excluded. *Held,* that the question was improper and rightly was excluded.

An exception by the defendant at a trial to a statement by the plaintiff's counsel to the jury, "it is my honest opinion that this is a trumped up defence," will be overruled, although the statement was improper, where it appears that, at the conclusion of the charge, the matter being called to the judge's attention, he instructed the jury as follows: "I ought to have corrected that in this respect: counsel frequently do, but ought not to, say what their opinion is about anything; their opinion is of no consequence to the jury. . . . But if he [the plaintiff's counsel] said and argued that you should believe upon the evidence that this was a trumped up charge, I see nothing which is open to criticism as an argument . . . it is for the jury to say whether a statement in argument is warranted by the evidence or not.   Counsel's opinion is of no consequence."

An action of contract for services rendered and disbursements made in raising a sunken lighter, wherein the defendant claimed in recoupment damages alleged to have resulted from negligence of the plaintiff, was tried solely on the question, whether the plaintiff's work was done properly or negligently, and there was no evidence of error of judgment on the plaintiff's part as distinguished

from negligence and no contention was made by the plaintiff that he had committed an error of judgment. Requests of the defendant, for rulings to the effect that an error of judgment on the plaintiff's part would not relieve him from liability for the damage caused to the defendant, were refused. *Held,* that the requests properly were refused.

An exception by the defendant to a refusal of the judge to rule, at the trial above described, in substance that the plaintiff was entitled to recover, for such services as he rendered, only "what would be a reasonable and customary charge for similar services at the time and place in question," must be overruled where it appears that the judge charged the jury in substance that it would be for them to determine what the plaintiff's services were reasonably worth; that the defendant was entitled to have deducted from the claim of the plaintiff the amount of any damage done to the lighter arising from negligence of the plaintiff, and that, if they should find that the defendant by reason of such negligence had suffered damage equal to or in excess of the amount of the plaintiff's "proper bill," then they would return a verdict for the defendant.

It was proper, at the trial above described, where the only evidence of negligence of the plaintiff related to the method adopted by him in putting wire cables, called "straps," under the lighter and in allowing her to strike the bottom of the harbor while being towed, for the judge to refuse a request by the defendant that he rule, "To make out a case of specific negligence on the part of the plaintiff it was not necessary for the defendant to put his hand on the specific act of the plaintiff that caused the damage to his lighter. It was enough for the defendant to prove that the damage must have been caused by one or more of several things."

A request by the defendant for a ruling, "If the defendant fails to prove specific negligence on the part of the plaintiff he has a right to fall back on the doctrine of *res ipsa loquitur,*" properly was refused at the trial above described, that doctrine having no application to the facts in evidence.

CONTRACT for $850.05 upon an account annexed for services rendered and disbursements made in the raising of a lighter of the defendant sunk at a pier in Boston Harbor. Writ in the Municipal Court of the City of Boston dated March 7, 1919.

The defendant sought damages in recoupment.

On removal to the Superior Court, the action was tried before *Fox,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings among others:

"C. On all the evidence, if the jury find that a substantial amount of the bottom planking of the defendant's lighter was torn off in the course of the plaintiff's work, and that the bottom of said lighter at the time was in reasonably sound and strong condition, they would be justified in concluding that the plaintiff did not perform his work in a reasonably careful and skillful manner."

"F. On all the evidence, if the jury find that a substantial

amount of the bottom planking of the defendant's lighter was torn off in the course of plaintiff's work, and that the bottom of said lighter was at the time in a reasonably sound and strong condition, they would not be justified in relieving the plaintiff from responsibility on the ground that the damage was caused by error of judgment.

"G. There is no evidence in this case upon which the jury would be warranted in relieving the plaintiff of responsibility on the ground of an error of judgment falling short of negligence or unskillfulness for damage caused to the defendant's lighter as result of the plaintiff's work.

"H. If the jury finds that the plaintiff is entitled to recover in respect of a part or the whole of the services rendered, he is only entitled to recover what would be a reasonable and customary charge for similar services at the time and place in question."

"J. To make out a case of specific negligence on the part of the plaintiff it was not necessary for the defendant to put his hand on the specific act of the plaintiff that caused the damage to his lighter. It was enough for the defendant to prove that the damage must have been caused by one or more of several things.

"K. If the defendant fails to prove specific negligence on the part of the plaintiff, he has a right to fall back on the doctrine of *res ipsa loquitur.*"

The requests were refused.

The jury found for the plaintiff in the sum of $850.05; and the defendant alleged exceptions.

*G. R. Farnum,* for the defendant.

*G. L. Dillaway,* for the plaintiff.

CROSBY, J. This is an action of contract on an account annexed to recover for services rendered and disbursements incurred in raising a sunken lighter belonging to the defendant. At the time of the sinking in the Cunard docks in East Boston, the lighter was loaded with about two hundred and eighty tons of sand, her capacity being three hundred tons. The principal issue tried was whether the work was performed in a proper and workmanlike manner, it being the contention of the defendant that the method of putting wire cables, called straps, under the lighter for the purpose of raising her was done in an improper manner and resulted in some of the planking being torn off the bottom of the

lighter causing the damages which the defendant seeks to recoup from the plaintiff's claim. Upon this issue the evidence was conflicting and presented a question of fact for the jury.

The defendant contends that the presiding judge erred, (1) in excluding a question put the defendant, (2) because counsel for the plaintiff was allowed to make an improper argument to the jury, and (3) in refusing to give certain requests for rulings.

In direct examination the defendant was asked by his counsel, "What did the tearing off of those planks as they were torn off, in view of the condition of your boat, indicate about the skill or lack of skill of the operation?" This was excluded and the defendant excepted. The question, which was based on the facts as the witness found them and not on an hypothesis, called for an answer to the precise question which was the issue before the jury. Whether the planks came off because of the weight of sand in the boat or for some other reason, and before the plaintiff attempted to raise her, or were torn off by the plaintiff, was in dispute. The question allowed the witness to assume that the planks were torn off and then to give his opinion based upon the condition of the boat as he found it; it was rightly excluded. *Stoddard* v. *Winchester*, 157 Mass. 567, 575. *Chalmers* v. *Whitmore Manuf. Co.* 164 Mass. 532.

The plaintiff's counsel in his closing argument to the jury said: "it is my honest opinion that this is a trumped up defence;" at that time the defendant's counsel objected to the statement, the court ruled that it was not objectionable and the defendant excepted. The argument was clearly improper and the jury should then have been told to disregard it. The record shows that, at the conclusion of the charge, the judge's attention was again called to that part of the argument of counsel, and he then said to the jury, "I ought to have corrected that in this respect; counsel frequently do, but ought not to, say what their opinion is about anything; their opinion is of no consequence to the jury. . . . But if he said and argued that you should believe upon the evidence that this was a trumped up charge, I see nothing which is open to criticism as an argument . . . it is for the jury to say whether a statement in argument is warranted by the evidence or not. Counsel's opinion is of no consequence." We think these instruc-

tions given at the conclusion of the charge corrected the erroneous ruling previously made; although the jury were not expressly told to disregard the objectionable argument, such was the plain effect. of the instructions. We are of opinion the jury must have understood that the statement made by counsel should be disregarded. *Morrison* v. *Richardson,* 194 Mass. 370, 377, 378. *Commonwealth* v. *Richmond,* 207 Mass. 240, 250. *Mikkelson* v. *Connolly,* 229 Mass. 360.

It remains to consider the defendant's requests for rulings.

Request "C" was covered by the instructions given.

The exceptions to the refusals to give requests "F" and "G" must be overruled. While the judge stated that the method of doing the work might have been due to an error of judgment "which does not imply any lack of reasonable skill or reasonable care," it plainly appears that the case was tried wholly on the issue whether the work was properly or negligently performed; there was no evidence of error of judgment as distinguished from negligence, and no contention was made by the plaintiff that he committed any error of judgment, his sole contention in this connection being that the work was performed without negligence.

Request "H" could not have been given. The jury were instructed in substance that it would be for them to determine what the plaintiff's services were reasonably worth; and also, that the defendant was entitled to have deducted from the claim of the plaintiff the amount of any damage done to the lighter arising from negligence of the plaintiff, and that, if they should find that the defendant by reason of such negligence had suffered damage equal to or in excess of the amount of the plaintiff's "proper bill," then they would return a verdict for the defendant. We think that the instructions given covered this request. It might be assumed in the absence of evidence to the contrary that the charges were to be governed by charges for similar services at the time and place in question. The instruction that the burden of proof was on the defendant in a case of recoupment was correct. *Sayles* v. *Quinn,* 196 Mass. 492.

Request "J" could not have been given. The only evidence of the plaintiff's negligence was that relating to the method adopted in putting the straps under the lighter, and allowing her to strike the bottom of the harbor while being towed to the flats; accord-

ingly it could not have been inferred that there was any other negligence on his part.

Request "K" was rightly refused. This is not a case where the doctrine of *res ipsa loquitur* can be held to apply. The jury would not have been warranted in inferring in the absence of any explanation, that according to common experience planks would not be detached from the bottom of the boat except for the plaintiff's fault. *Curtin* v. *Boston Elevated Railway,* 194 Mass. 260, 264. *Kusick* v. *Thorndike & Hicks, Inc.* 224 Mass. 413.

We have examined the remaining exceptions and are of opinion that no reversible error is shown. So far as they were founded on correct principles of law and were applicable, they were covered by the charge, which is reported in full.

*Exceptions overruled.*