THOMAS MALLEY *vs.* FRANKLIN L. HART.

Suffolk.    November 30, 1925. — December 3, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Agency*, Existence of relation, Scope of employment. *Negligence*, Motor vehicle.

On exceptions, saved by the plaintiff at the trial of an action for personal injuries caused when the plaintiff was run into by an automobile of the defendant, the sole question was, whether there was any evidence that at the time of the injury the driver of the automobile was in the employ of the defendant and acting within the scope of his employment. The only evidence bearing on that question was that the driver worked for the defendant only on odd jobs, and that when the accident occurred he had completed a job and was using the automobile on business of his own. *Held*, that, whether this evidence was believed or disbelieved, the defendant could not be found liable, since a finding was not warranted that at the time of the accident the driver was acting within the scope of his employment by the defendant.

TORT for personal injuries received when the plaintiff was struck by an automobile of the defendant driven by one Blair. Writ dated December 26, 1923.

In the Superior Court, the action was tried before *Whiting*, J. Material evidence and the sole question saved for this court by exceptions of the plaintiff are described in the

opinion. The jury found for the plaintiff in the sum of $1,100, and, before the verdict was recorded, the judge, with the consent of the jury, reserved leave under G. L. c. 231, § 120, to enter a verdict for the defendant, and later did so. The plaintiff alleged exceptions.

The case was submitted on briefs.

*F. W. Mansfield & E. R. Mansfield,* for the plaintiff.

*W. W. Hart,* for the defendant.

By THE COURT. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff through being struck on a public way by an automobile owned by the defendant. The question is whether there was any evidence that at the time of the injury the driver of the automobile was in the employ of the defendant and acting within the scope of his employment. There was no evidence that the driver was in the general service of the defendant or that he ever worked for the defendant except on odd jobs. There was evidence that on the day of the injury he was engaged to drive one or two women from the Dorchester district to the shopping district in Boston, to wait until the shopping was done and then drive her or them home; that he returned one, if not both, of the women home at twelve o'clock and then used the car on business of his own and not that of the defendant until the time the accident happened, not earlier than 12:45 P.M. If this evidence was believed, the defendant was not liable. If it was disbelieved, in whole or in part, the remaining evidence was insufficient to show that at the time of the accident the driver was acting within the scope of his employment by the defendant. *McCarthy v. Timmins,* 178 Mass. 378. *Porcino v. De Stefano,* 243 Mass. 398, 400. *Lowe v. Antonelli,* 245 Mass. 237. *Washburn v. R. F. Owens Co.* 252 Mass. 47. *Phillips v. Gookin,* 231 Mass. 250.

No reversible error is shown in the exclusion of the question to the driver on his direct examination by the plaintiff because no offer of proof was made. *Geary v. Stevenson,* 169 Mass. 23, 31. *Cook v. Enterprise Transportation Co.* 197 Mass. 7, 10. *Kennon v. Shepard,* 236 Mass. 57.

*Exceptions overruled.*