SARAH B. CUTLER *vs.* JORDAN MARSH COMPANY.

Suffolk.    October 18, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Existence of relation, Scope of authority. *Evidence,* Failure to call witness.

At the hearing by a judge without a jury of an action of tort for personal injuries brought by a woman against the proprietor of a department store, there was evidence that, as the plaintiff passed along an aisle in the store, a young man, who had been standing in the aisle leaning on a counter at a window of an office and talking to two girls who were sitting behind the window, suddenly jumped back, and the plaintiff caught her right foot upon the heel of his shoe and was thrown to the floor, fracturing her left hip; that the young man was seventeen to nineteen years of age, and, although it was November 28, wore a light gray suit but no·hat nor overcoat. *Held,* that the evidence warranted neither a finding that the young man was in the employ of the defendant nor a finding that he was acting within the scope of any employment by the defendant when the plaintiff was injured.

The rule of law, that, where it appears that witnesses could have been produced by a defendant and it is a fair inference from the conduct of the defendant in all the circumstances that he knew or believed that the testimony of such witnesses would be adverse and for that reason did not call them, his failure to call them may be considered as evidence, is not applicable where there is no evidence that, at the time of the trial, such witnesses were in the employ of the defendant, or that they were under his control, or that the defendant knew where they could be found and summoned as witnesses; nor is it applicable where the defendant rests at the close of the plaintiff's evidence and at that time the evidence did not warrant findings adverse to him.

At the hearing above described, the plaintiff testified, called a floor superintendent of the defendant as a witness and introduced certain interrogatories propounded by her to the defendant's treasurer and the answers thereto. There was no evidence that the two girls were in the defendant's employ at the time of the trial. Both the plaintiff and the defendant then rested. *Held,* that no inference unfavorable to the defendant should be drawn from his not calling as witnesses the two girls with whom the young man was conversing just before the accident occurred.

TORT for personal injuries.    Writ dated September 16, 1923.

In the Superior Court, the action was heard by *McLaughlin,* J., without a jury. The plaintiff testified in her own behalf, called a floor superintendent of the defendant to testify, and introduced certain interrogatories propounded by her to the defendant's treasurer. At the close of the plaintiff's evidence, both parties rested. Material facts found by the judge are stated in the opinion. He found for the plaintiff in the sum of $8,000 and reported the action for determination by this court.

*W. B. Grant,* (*J. S. Richardson* with him,) for the plaintiff.

*K. C. Parker,* for the defendant.

CROSBY, J. This is an action of tort brought by a customer in the defendant's store to recover for personal injuries received by her when thrown to the floor as a result of tripping over the heel on the shoe of a young man, who, the plaintiff contended, was an employee of the defendant. The case was heard by a judge of the Superior Court without a jury; he found for the plaintiff, and reported the case for the determination of this court.

The plaintiff testified in substance that on November 28, 1922, she walked down one of the main aisles of the store on the street floor, and when opposite an office, known as the transfer desk on one side and the travellers' bureau on the other, she saw a young man standing in the aisle and leaning on a counter at the window of the office, and talking to two girls who were sitting behind the window; that as she passed him he suddenly jumped back, and she caught her right foot upon the heel of his shoe and was thrown to the floor fracturing her left hip. She described the young man as being seventeen, eighteen or nineteen years of age, and wearing a light gray suit, but no hat or overcoat. There was evidence tending to show that a rule of the defendant prohibited salesmen and all male help who come in contact with customers from wearing other than dark clothes; that no salesmen were employed by the defendant under twenty years of age; that the only male employees under twenty years old were stock or messenger boys; that these boys when on duty as stock boys wore long coats or dusters and were not allowed on the floor at the time in question; and that the boys when

doing messenger duty did not go to different parts of the store.

At the conclusion of the evidence, the defendant filed a motion for a finding in its favor. The motion was denied. In making his finding for the plaintiff the trial judge expressed doubt whether upon the evidence he was warranted in inferring that the person who caused the injury was an employee of the defendant, and if he were, whether he was engaged at the time of the accident in the defendant's business. The case is reported to this court with the recital that, if the finding was not warranted, judgment is to be entered for the defendant.

We are of the opinion that the judge should have granted the defendant's motion and ruled that the plaintiff was not entitled to recover. It was an essential fact, to be proved as a part of the plaintiff's case, that the young man whose act caused her to fall was not only in the employ of the defendant, but at that time was engaged in his employer's business. The evidence that he was wearing a light gray suit, and was without a hat or overcoat, and was talking to the girls in the office, was not sufficient to warrant a finding that he was in the employ of the defendant. Such a finding would be without evidence to support it. If it could be assumed that the evidence warranted a finding that this youth was in the employ of the defendant, still there was nothing to justify a finding that he was at the time the plaintiff was injured acting within the scope of his employment. *Perlstein* v. *American Express Co.* 177 Mass. 530. *Hartnett* v. *Gryzmish,* 218 Mass. 258. *Gardner* v. *Farnum,* 230 Mass. 193, 196. *Bishop* v. *Pastorelli,* 240 Mass. 104. *Porcino* v. *De Stefano,* 243 Mass. 398, 400, and cases cited. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 53. *Malley* v. *Hart,* 254 Mass. 168.

The question remains, whether the failure of the defendant to call as witnesses the two girls who were in the office, and with whom the young man was conversing at about the time the accident occurred, could properly be considered in determining whether he was at that time in the defendant's employ. Where it appears that witnesses could have been

produced by a party, and that it is a fair inference from the conduct of the party, under all the circumstances, that he knew or believed the testimony of such witnesses would be adverse and for that reason did not call them, his failure so to do may be considered as evidence. *McKim* v. *Foley*, 170 Mass. 426. *Little* v. *Massachusetts Northeastern Street Railway*, 229 Mass. 244. This principle, however, has no application in the case at bar. There was no evidence that the girls, or either of them, were in the employ of the defendant at the time of the trial, or that they were under its control, or that the defendant knew where they could be found and summoned as witnesses. Accordingly the court could not properly draw any inference against the defendant for its failure to produce them at the trial. *Fitzpatrick* v. *Boston Elevated Railway*, 223 Mass. 475. *Mikkelson* v. *Connolly*, 229 Mass. 360, 362, 363. *London* v. *Bay State Street Railway*, 231 Mass. 480, 487. *Mumford* v. *Coghlin*, 249 Mass. 184, 191. Besides, if the defendant could have produced the girls as witnesses, no inference could be drawn against its failure to do so, as it was under no obligation to produce evidence until a case adversely affecting its interests had been shown by the plaintiff. *Bishop* v. *Pastorelli, supra.* *Porcino* v. *De Stefano, supra.*

The cases cited by the plaintiff are plainly distinguishable in their facts from the present case.

As the evidence did not warrant a finding that the plaintiff's injuries were caused by any person in the employ of the defendant, no question of negligence need be considered. The defendant's requests for findings and rulings should have been given, and the motion for a finding for the defendant should have been allowed.

In accordance with the terms of the report, the entry must be

*Judgment for the defendant.*