NELLIE DOHERTY *vs.* ARTHUR LEVINE.

Suffolk.   March 7, 1932. — March 10, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Argument by counsel, Exceptions.

At the trial of an action of tort for assault and battery, the defendant testified that his first information of the contention of the plaintiff came when he went to the office of the plaintiff's attorney in response to a letter from him and was told by his assistant "that he had better settle; that no jury would believe him as against the plaintiff, and demanded of him a certain sum of money." The assistant was not called to testify, and the defendant's attorney commented on that fact in his closing argument. The plaintiff's attorney then stated to the jury in his argument, in substance, that he did not call his assistant to the stand to rebut the testimony of the defendant as to the conversation because he did not "care to dignify it by replying to it, that of course it was not true." The defendant objected to such argument and asked that it be struck out. The objection was overruled and the defendant excepted. He did not renew the objection at the close of the charge nor ask for an instruction on the matter. There was a verdict for the plaintiff. *Held,* that

(1) The statement in argument by the plaintiff's attorney was entirely improper and prejudicial in nature;

(2) The circumstance that at the close of the charge no further exception was taken did not deprive the defendant of whatever value there was in the exception previously taken;

(3) The defendant's exception was sustained.

TORT for assault and battery. Writ dated February 9, 1928.

In the Superior Court, the action was tried before *W. A. Burns,* J. Material evidence, rulings by the judge and an exception by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $3,500, of which, by order of court, the plaintiff remitted all in excess of $1,000. The defendant alleged an exception.

The case was submitted on briefs.

*M. Caro,* for the defendant.

*W. R. Scharton & M. Palais,* for the plaintiff.

RUGG, C.J.  This is an action for assault and battery. The plaintiff was the only witness in her own behalf. The defendant and two children of the plaintiff's employer testified in behalf of the defendant, denying the assault. The defendant testified that his first information of the contention of the plaintiff came when he went to the office of her attorney in response to his letter and was told by his assistant "that he had better settle; that no jury would believe him as against the plaintiff and demanded of him a certain sum of money." The defendant denied the assault and declined to make the payment. This testimony was admitted without objection. The attorney for the defendant in his argument to the jury urged that an inference that this conversation was true ought to be drawn from the fact that the assistant was not called to testify in contradiction of the defendant provided the jury believed that it was reasonably to be expected that such a witness would be called in rebuttal. The attorney for the plaintiff in his argument stated, in substance, that he did not call his assistant to the stand to rebut the testimony of the defendant as to the conversation because he did not "care to dignify it by replying to it, that of course it was not true." To this statement the defendant objected and asked that the jury be instructed to disregard it. The judge overruled the objection and the defendant excepted. At the close of the charge the attorney for the defendant did not renew his objection and did not again request an instruction on the point.

The statement in argument by the plaintiff's attorney was entirely improper and prejudicial in nature. It was a statement of fact purporting to be on his personal knowledge or at least concerning which the inference well might be drawn that he had personal knowledge. It was a matter concerning which testimony should have been introduced if it was to be considered by the jury. *O'Brien* v. *Boston Elevated Railway,* 214 Mass. 277. *Buckley* v. *Boston Elevated Railway,* 215 Mass. 50, 56. *Betts* v. *Rendle,* 236 Mass. 441, 444. *Commonwealth* v. *Cabot,* 241 Mass. 131. *O'Neill* v. *Ross,* 250 Mass. 92, 96, 97, and cases cited. *Common-*

*wealth* v. *Cooper*, 264 Mass. 368, 374.    *Feinberg* v. *Atlantic Theatres Corp.* 275 Mass. 127.

The exceptions are construed to mean that at the appropriate time the counsel for the defendant objected to the argument and requested that the jury be instructed to disregard it.    When the objection to the argument was overruled by the trial judge, that ended the incident so far as the defendant's counsel was concerned.    The trial judge had made a final ruling that the argument was not improper and that the jury need not be instructed concerning it. The circumstance that at the close of the charge no further exception was taken did not deprive the defendant of whatever value there was in the exception previously taken to a definitive ruling.

The case is quite distinguishable from *Commonwealth* v. *Costley*, 118 Mass. 1, 22.

*Exceptions sustained.*