MARGARET C. HEINA *vs.* BROADWAY FRUIT MARKET, INC.

Plymouth. November 14, 1939. — December 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence*, Store. *Practice, Civil*, Exceptions: whether saved, whether error harmful; Argument by counsel.

A finding was warranted that the proprietor of a provision store was liable for personal injuries sustained by a customer in a fall caused by slipping on lettuce leaves dropped and left on the floor by clerks preparing a display on a vegetable counter.

The question, whether a trial judge properly permitted counsel to continue with an argument which opposing counsel had interrupted by

an objection, properly was presented to this court by an exception saved when the judge said "All right" to the arguing counsel.

An argument of counsel for a plaintiff based upon the failure of the defendant to call certain witnesses whom he would reasonably be expected to call was improper where there was no evidence that the defendant knew where the witnesses could be found or had had an opportunity to secure their attendance.

Error prejudicial to a defendant was caused when, upon objection by his counsel during an improper argument by the plaintiff's counsel, the trial judge ruled in effect that the argument was permissible and allowed it to continue and neither then nor later gave any instructions to the jury respecting it.

TORT. Writ in the Superior Court dated October 23, 1936.

A verdict for the plaintiff in the sum of $3,162 was returned before *J. W. Morton*, J.

*D. H. Fulton*, for the defendant.

*W. J. Callahan*, for the plaintiff.

RONAN, J. The plaintiff, a customer of the defendant, recovered a verdict for personal injuries caused by slipping upon lettuce leaves on the defendant's floor. The defendant excepted to the argument of the plaintiff's counsel, to the refusal of the judge to direct a verdict for the defendant, and to certain portions of the charge.

The jury could find that the plaintiff accompanied by her two daughters entered the defendant's store, passed the center counter and went to the meat counter, where she waited thirty minutes or more before she was able to secure the attention of a particular clerk who had waited upon her on other occasions; that after selecting a piece of meat and while the clerk was preparing it in accordance with her instructions, she decided to go to a counter on the other side of the store, and, as she was on her way, while passing the front of the center counter, which was used as a vegetable counter, she slipped and fell upon some wet lettuce leaves on the floor in front of that counter. She testified that as she sat on the floor after she fell "All around me were lettuce leaves. My hand was on the lettuce leaves." There was evidence that shortly after the plaintiff began to wait at the meat counter, two clerks, dressed in white coats bearing the defendant's name, had

made several trips from the rear to the front of the store carrying boxes of lettuce, one was putting lettuce on display on the front of the vegetable counter and the other was putting lettuce in the window, and that, while preparing the lettuce for display on the center counter, these clerks "pulled off the outside, brown leaves, and . . . dropped them down"; that they left the leaves there and the plaintiff fell where the clerks had dropped these leaves.

The defendant had invited the plaintiff to enter its premises for the purpose of purchasing goods. It was bound to use due care to keep that portion of its premises arranged for the use of its customers in a reasonably safe condition, and to warn them of any dangers that might arise from such use on account of the condition of the premises, which were not likely to be known to its customers and which the defendant knew or ought to have known. *Blake* v. *Great Atlantic & Pacific Tea Co.* 266 Mass. 12. *Kennedy* v. *Cherry & Webb Co., Lowell,* 267 Mass. 217. *Hillis* v. *Sears, Roebuck & Co.* 284 Mass. 320. *Kelley* v. *Goldberg,* 288 Mass. 79. *Robinson* v. *Weber Duck Inn Co.* 294 Mass. 75. *Palmer* v. *Boston Penny Savings Bank,* 301 Mass. 540. *Skidd* v. *Quattrochi, ante,* 438.

We think that the jury were warranted in finding that the presence of leaves which caused the plaintiff to fall was due to the action of the clerks who were preparing the lettuce for the display upon the vegetable counter. · The conduct of these clerks was evidence of a breach of the duty that the defendant owed to the plaintiff. *Hendricken* v. *Meadows,* 154 Mass. 599. *Judson* v. *American Railway Express Co.* 242 Mass. 269. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189. *Henebury* v. *Cabot,* 288 Mass. 349. *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526. *Jennings* v. *First National Stores, Inc.* 295 Mass. 117.

The defendant's counsel interrupted the argument of the plaintiff's counsel upon the failure of the defendant to produce as witnesses the clerks who were in the store at the time of the accident, on the ground that there was no evidence that they were in the defendant's employment or

subject to its control.  The judge, in answer to the defendant's objection, said "All right" to the plaintiff's counsel, and the defendant saved an exception.  Nothing was said about this subject in the instructions to the jury, and the defendant made no request for any instruction. The matter had been seasonably, specifically brought to the attention of the judge who, in effect, ruled that the argument was not improper or prejudicial.  This was probably the reason that no mention was made of it in the instructions to the jury.  We think that in these circumstances there was nothing further for the defendant to do, and that its rights were saved by the exception taken. *London* v. *Bay State Street Railway*, 231 Mass. 480.  *Doherty* v. *Levine*, 278 Mass. 418.

There was no evidence that the clerks who had arranged the lettuce for display were in the employment of the defendant at the time of the trial or that the defendant then knew where they could be located and summoned to appear.  Their absence was not shown to be due to the fact that the defendant had an opportunity to secure their attendance as witnesses but failed to call them.  Even though the nature of the evidence were such that the defendant would be reasonably expected to call them, the defendant should not be charged with their absence unless it also appears that they were available.  There was no basis for an argument that the jury ought to draw an inference adverse to the defendant on account of the failure of these witnesses to testify.  The argument was improper. The judge should have ordered such an argument to cease and should have immediately instructed the jury to disregard it or, if he permitted it to continue, he should have counteracted its effect by instructions sufficiently strong to accomplish this purpose.  *Commonwealth* v. *Richmond*, 207 Mass. 240.  *Commonwealth* v. *Cooper*, 264 Mass. 368.  *Commonwealth* v. *Witschi*, 301 Mass. 459.  He did neither, but he erroneously ruled that the argument was permissible. Not only were the jury allowed to consider it, but it was given added weight by the ruling of the judge that it was "All right."  The ruling constituted prejudicial error.

*Fitzpatrick* v. *Boston Elevated Railway,* 223 Mass. 475. *Tildsley* v. *Boston Elevated Railway,* 224 Mass. 117. *Mikkelson* v. *Connolly,* 229 Mass. 360. *London* v. *Bay State Street Railway,* 231 Mass. 480. *Cutler* v. *Jordan Marsh Co.* 265 Mass. 245. *Doherty* v. *Levine,* 278 Mass. 418.

*Exceptions sustained.*