Katherine DAHILL, et al[1]
vs.
SURPLUS and SALVAGE INC., et al[2]

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

December 22, 1980

Milton Yakus for the plaintiff.
Anthony D. Murphy for the defendant.

[1]The other plaintiff is James F. Dahill, a minor.
[2]The other defendant is Farah Manufacturing Company

Present: Lee, P.J., Welsh, J. and Black, J.

LEE, P.J. This is an action sounding in tort and contract in which the plaintiffs allege negligence and breach of warranties of fitness and merchantability by the defendants and seek to recover damages sustained by the minor plaintiff as the result of injuries on his stomach from the wearing of trousers manufactured by Farah Manufacturing Company and sold by the defendant Surplus and Salvage, Inc. to the plaintiffs.

The defendant Surplus and Salvage, Inc. denied the plaintiffs claims, and by way of cross-claim made a claim against Farah Manufacturing Company alleging breach of express and implied warranties of merchantability and fitness.

The defendant Farah Manufacturing Company filed a denial as to the original action and also to the cross-claim.

There were findings for the defendants in the original action of Katherine Dahill, et al. v. Surplus Salvage, Inc., et al, but neither the docket nor report discloses the court's action, if any, in the cross-action of Surplus and Salvage, Inc. v. Farah Manufacturing Company. However, in light of the Court's finding in the initial action, the cross-claim becomes a nullity and has no significance in this appeal.

At the trial there was evidence tending to show that on Thursday, November 2, 1972 the plaintiff Katherine Dahill visited the premises of Surplus and Salvage, Inc., which are known as Building 19 in Hingham, Massachusetts. She purchased a pair of brown striped trousers manufactured by the Farah Manufacturing Company. The trousers were packaged inside sealed plastic. The trousers contained a manufacturer's label which said "Farah". Surplus and Salvage, Inc. buys not only directly from manufacturers, but also obtains goods indirectly by purchasing them from insurance carriers, (fire and water losses, etc.). There was no evidence that the trousers in question came directly from Farah Manufacturing Company. On Friday morning, November 3, 1972 the minor plaintiff, James F. Dahill wore the trousers to school. He dressed in his customary fashion of

jockey shorts, the trousers in question, and a brown shirt worn with its tail outside the trousers. During the school day he began to itch and at approximately 3:30 P.M. he returned home and both he and his mother noted that the stomach below the navel and above the waistband of the jockey shorts were red and irritated. The jockey shorts were worn low on the waist so as to leave exposed skin which was touched by the trousers. Saturday morning, November 3, 1972, his condition had worsened so that it required emergency room treatment at the Quincy City Hospital. The irritation was treated with an ointment. He was given analgesics and went home. One Doctor Schwartz treated him approximately seven days later and gave him a prescription which he refilled four times at the Samoset Pharmacy. The minor plaintiff was absent from school as a result of these injuries from November 4, 1972 through December 4, 1972. During the course of the school day on Friday, November 3, 1972 the minor plaintiff did not engage in gym, swimming or any other activity. No hospital record was introduced by the plaintiffs nor did any physician testify as to the nature of this rash.

The Court found the following facts: The plaintiffs have failed to establish a defect in the trousers, and therefore I find that there is no evidence that the trousers in question were nonmerchantable or lacked fitness for the use they were intended for. In sum, the plaintiffs have totally failed to show that the personal injuries sustained by the minor were suffered because of the wearing of the trousers and that the article was unfit to be worn or used by a normal person. I find that there was no evidence that the rash sustained by the minor plaintiff was casually related to any defect in the trousers. I, therefore, find for the defendant Farah Manufacturing Company, Inc. and the defendant Surplus and Salvage, Inc. with costs to the defendants.

The plaintiffs filed nine (9) requests for rulings of law, but complain only of the trial justice's rulings on 1, 2, 5, and 9 which are as follows:

1. If the court finds as a fact that the pants purchased by the plaintiffs were manufactured by defendant Farah Manufacturing Company, the plaintiffs or either of them, should recover for injuries suffered by them by wearing the pants from defendant Farah Manufacturing Company.

Denied. As although the court finds that the trousers were manufactured by the defendant Farah Manufacturing Company, there was no credible evidence to permit the court to find that injuries allegedly sustained by the plaintiff James F. Dahill were caused through the wearing of the trousers.

2. If the Court finds as a fact that the pants purchased by the plaintiffs were sold to the plaintiffs by the defendant, Surplus and Salvage, Inc., the plaintiffs or either of them, should recover for injuries suffered by them by wearing the pants from Surplus and Salvage, Inc.

Denied. As although the Court finds that the trousers were sold to the defendant by Surplus and Salvage, Inc.; there was no credible evidence to permit the court to find that injuries allegedly sustained by the plaintiff were caused through the wearing of the trousers.

5. On all the evidence the pants constituted an inherently dangerous garment.

Denied.

9. If the court finds as a fact that it was within the defendant Surplus and Salvage, Inc.'s power to produce the pants as evidence which was under its control and which would have material bearing on this cause, its failure to do so may properly create the inference that had it produced such testimony, it would have supported the contentions of the plaintiffs, that the garment was inherently dangerous and caused injury to the plaintiff. Mikkelson v. Connolly, 229 Mass. 360 (1918)

Denied as a question of law and fact.

The plaintiffs, claiming to be aggrieved by the Court's rulings on their requests for

rulings of law 1, 2, 5 and 9 and by the court's findings, appeal this decision.

The issues in this case are whether there was sufficient evidence introduced by the plaintiffs to warrant a finding that the pants in question constituted an inherently dangerous garment (res ipsa loquitur) and that either defendant breached any warranty owed them to the plaintiffs.

In order for the plaintiffs to sustain their burden of proof in this case it was necessary for them either to introduce expert medical testimony that the injuries were caused as a result of coming in contact with the pants or expert testimony that there was something intrinsically wrong with the pants themselves.

The test is whether these matters are outside the range of common experience and call for expert testimony. We find that such testimony is necessary.

Commonwealth v. Makarewicz, 333 Mass. 575, 591, 592 (1956);
Flynn v. Growers Outlet, Inc. 307 Mass. 373, 376 (1940);
Jackson v. Anthony 282 Mass. 540, 544 (1933).

The lack of this expert testimony leaves the cause of the plaintiff's injuries to speculation, conjecture and surmise.

Triangle Dress, Inc. v. Bay State Service, Inc. 356 Mass. 440, 441, 442 (1969);
Stewart v. Worcester Gas Light Co. 341 Mass. 425, 435 (1960).

There being no such evidence, the plaintiffs have failed to prove their case by a preponderance of the evidence.

There was no error in the judge's findings or on his rulings on the plaintiffs' requests for rulings of law.

The report is dismissed.

So ordered.
Edward A. Lee, P.J.